ZOUHARY, District Judge,
concurring in part, dissenting in part and concurring in the judgment:
I concur with most of the majority’s decision and with the judgment. I respectfully part ways, however, with regard to the majority’s conclusion that we are unable to review the BIA’s decision to overturn the IJ’s sua sponte motion to reopen. I believe the Supreme Court’s decision in Kucana v. Holder, — U.S. -, 130 S.Ct. 827, 175 L.Ed.2d 694 (2010), implicitly overrules this Court’s earlier decision in Ekimian v. INS, 303 F.3d 1153 (9th Cir.2002).
I agree with the concurring opinion in Zetino v. Holder, 596 F.3d 517, 529 (9th Cir.2010) that Heckler v. Chaney, 470 U.S. 821, 105 S.Ct. 1649, 84 L.Ed.2d 714 (1984), was misapplied in Ekimian. Specifically, Heckler concluded that “Congress can restrict the jurisdiction of federal courts over certain agency actions under the APA by deeming them ‘discretionary’ and drafting ‘statutes’ that provide a court ‘no meaningful standard against which to judge the agency’s exercise of discretion.’ ” Id. at 830, 105 S.Ct. 1649.
Heckler however does not allow an agency to restrict judicial review of its own decisions by declaring those decisions discretionary, or by providing no standard for review. This would have the undesirable effect of allowing agencies to insulate themselves from judicial review, which “contravenes the ‘presumption ... “that executive determinations are generally subject to judicial review.” ’ ” Zetino, 596 F.3d at 529 (Lawson, J., concurring) (citing Kucana, 130 S.Ct. at 839).
Moreover, this Court recently published an amended opinion in Zetino which casts further doubt on the precedential value of Ekimian. Unlike the original version, the amended opinion reviews the BIA’s denial of petitioner’s motion to accept an untimely brief. That is precisely the process suggested in the original concurring opinion. See Zetino, 622 F.3d 1007, 1012-13 (9th Cir.2010) (amending 596 F.3d 517).
While neither Zetino nor Kucana deal with the exact issue at hand — our ability to review the BIA’s decision to overturn the IJ’s sua sponte reopening — I do not believe there is any reason to treat review of the BIA’s decision to reverse an IJ’s sua sponte reopening differently from the question reached by Kucana the reviewability of the BIA’s denial of a motion to reopen removal proceedings. ' In Kucana, there was no clear evidence that Congress intended to make sua sponte actions unreviewable by courts. See Kucana, 130 S.Ct. at 827-28.
Likewise, there is no clear evidence here that Congress intended to make unreviewable the similar case of the BIA’s reversal of a sua sponte motion to reopen by an IJ. And a decision to reopen can be made under “exceptional circumstances,” a stan *828 dard that allows for jurisdiction and review by the courts.
Based on the Kucana and Zetino decisions, I would find that we have jurisdiction to review the BIA’s decision and, therefore, respectfully dissent from that portion of the majority’s opinion.